UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**ROBERT LEE THOMAS, JR.**                                                                 **PLAINTIFF**

**v.**                                                                                   **1:16-CV-00028-GNS**

**UNKNOWN**                                                                              **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Robert Lee Thomas, Jr., who is proceeding *pro se*, initiated this action by filing a complaint on a court-approved general complaint form. However, Plaintiff failed to identify the Defendants in either the caption or the section entitled "Defendant" of the complaint form. Plaintiff also failed to attach a summons to his complaint for any Defendant. Finally, Plaintiff failed to pay the filing fee or file an application to proceed without fees. Plaintiff was warned by Order of the Court entered on March 22, 2016 (DN 3) that if he did not cure these deficiencies within 30 days, the action would be dismissed. Well over 30 days have passed, and Plaintiff has not complied with the Court's Order.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally,

courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff failed to comply with a straightforward Order of this Court, the Court concludes that he has abandoned any interest in prosecuting this action. A separate Order of dismissal will be entered.

Date: May 17, 2016

> **Greg N. Stivers, Judge**
> **United States District Court**

cc: Plaintiff, *pro se*
4416.011

2